IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-09-2117
vs. :
: (Judge Caldwell)
DAUPHIN COUNTY PRISON, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

I. *Introduction*

Plaintiff, Purnell Nelson, a prisoner at the Dauphin County Prison (DCP), Harrisburg, Pennsylvania, has filed a pro se civil rights complaint seeking monetary and injunctive relief under 42 U.S.C. § 1983. He has also filed an application to proceed in forma pauperis. Nelson claims that for the past year "prison officials" have denied him outdoor exercise privileges. (Doc. 1, Compl.) Nelson does not identify the individual(s) who denied him outdoor exercise opportunities. Named as defendants are the DCP, the Commonwealth of Pennsylvania, and Warden Dominick DeRose.

The Complaint is before the court for screening pursuant to 28 U.S.C. § 1915. The court will dismiss the Complaint for its failure to state a claim upon which relief can be granted and give Nelson the opportunity to file an amended complaint.

II. *Background*

Nelson's complaint raises one claim, that "prison officials [have] denied [him] outside recreation privileges for approximately one year." (Doc. 1, Compl.) He claims unidentified prison officials have "denied [him] recreation everyday" in violation of his Eighth and Fourteenth Amendment rights. He notes his recent utilization of the prison's grievance system to challenge this denial. Plaintiff states Warden DeRose recently denied his grievance on this matter "without merit." (*Id.*) Nelson asserts the denial of outdoor recreation is negatively impacting his physical and mental health.

III. *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a case filed in forma pauperis if we determine that it "fails to state a claim on which relief may be granted." In applying this statutory requirement, the court relies on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). That Rule authorizes dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on

its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

IV. *Discussion*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongs is necessary for

-3-

the imposition of liability in a civil rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988). There is no respondeat superior liability in § 1983 actions, *Evancho*, 423 F.3d at 353, and a civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged civil rights violations. *Id.*

In this matter, two of the three named defendants, the DCP and the Commonwealth of Pennsylvania, are not "persons" amenable to suit under 42 U.S.C. § 1983. A county prison does not have the legal capacity to be sued in its own name. *Birckbichler v. Butler County Prison*, No. 07-1655, 2009 WL 2986611 at *5 (W.D. Pa. Sept. 17, 2009)(collecting cases).[1] Additionally, a state is not a person for a § 1983 claim. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Thus Nelson's § 1983 claims against the DCP and the Commonwealth of Pennsylvania will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he fails to state a claim for relief which can be granted against either defendant.

Nelson also fails to state a claim against the last defendant, Warden DeRose. Plaintiff bases his claim against DeRose on his alleged denial on September 23, 2009, of Nelson's informal grievance complaining that he had not been allowed outdoor recreation privileges for the previous year. For personal involvement in the civil rights violation, a defendant must have contemporaneous, personal knowledge and acquiescence in the

---

[1] A proper defendant would be Dauphin County, but the County would not be liable under respondeat superior, only for a policy or custom that caused injury to Plaintiff. *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007).

-4-

violation. Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement requirement. *See Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Brooks v. Beard*, 167 Fed. Appx. 923, 925 (3d Cir. 2006)(nonprecedential)(holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); *Burnside v. Moser*, 138 Fed. Appx. 414, 416 (3d Cir. 2005)(failure of prison official to process administrative grievance did not amount to a constitutional violation or personal involvement in the alleged constitutional deprivation grieved).

Here, Nelson does not suggest Warden DeRose played any role in the initial decision to deny his request for outdoor recreation. His sole allegation against the warden is that he denied his grievance complaining about the lack of outdoor exercise privileges "without merit." As stated, this is insufficient for a claim against Warden DeRose.

Although Nelson's Complaint fails to state a cause of action against the named defendants, it appears that the deficiencies may be remedied by amendment. Nelson may be able to name those personally responsible for denying him outdoor recreation for more than one year. Thus, Nelson will be granted twenty-one days to file an amended complaint.

Nelson is advised that the court will require him to start over and file a completely new complaint, meaning that the "amended complaint must be complete in all

-5-

respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  He must name those involved in the decision to deny him outdoor exercise for more than a year and describe each defendants' involvement in this alleged constitutional violation.  Failure to file an appropriate amended complaint will result in the dismissal of this action.

        We will issue an appropriate order.

                                              /s/William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge

Date: November 23, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON,
    Plaintiff

vs.

DAUPHIN COUNTY PRISON, *et al.*,
    Defendants

CIVIL NO. 1:CV-09-2117

(Judge Caldwell)

*O R D E R*

AND NOW, this 23rd day of November, 2009, upon review of the Complaint under 28 U.S.C. § 1915(e)(2)(B), it is ordered that:

    1. Nelson's motion to proceed in forma pauperis (doc. 2) is granted.

    2. The claims against the Dauphin County Prison, the Commonwealth of Pennsylvania, and Warden DeRose are dismissed.

    3. Within twenty-one (21) days of the date of this order, Nelson may file an amended complaint identifying those prison representatives responsible for denying him exercise privileges, either outdoor or indoor, for the last year.

    4. The Clerk of Court is directed to send Nelson two (2) copies of this court's form civil-rights complaint which Plaintiff should use in preparing his amended complaint.

    5. Failure to comply with this order will result in the dismissal of this action.

                                          /s/William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge